UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WEN ZONG YU,

                       Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-3084 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Wen Zong Yu ("Yu") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Social Security Administration's ("SSA's") denial of his claim for Social Security disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. (Complaint (Docket Entry # 1).) Both parties move for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Motion for Judgment on the Pleadings ("Commissioner's Motion") (Docket Entry # 8); Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings and in Support of Plaintiff's Cross-Motion for Judgment on the Pleadings ("Yu's Motion") (Docket Entry # 17).) As set forth below, the court vacates the Commissioner's determination that Yu was not disabled, and remands proceedings for further development of the evidence.

## I. STANDARD OF REVIEW

### A. Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule

1

12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). A court is required "to accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to considering the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

**B.     Administrative Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

Yu was born on December 9, 1944. (Administrative Transcript 92 ("Tr.") (Docket Entry # 9).) Starting in 1989, Yu became the owner and sole employee of his own business, YZM Lighting ("YZM"), that sold and imported light fixtures from China. (Id., at 777-79.) In 1995, Yu began to suffer from vertigo and falling episodes. (Id., at 786-91.) Eventually, Yu's condition became severe enough that it was difficult for him to continue working. (Id., at 774-92.) Due to his ill health, Yu began to sublet a warehouse containing YZM's inventory for additional income. (Id., at 780-82.) In March of 2002, unable to find a buyer for YZM's inventory, Yu emptied out the inventory from the warehouse. (Id., at 804-805.) The warehouse's lease expired in May of that year. (Id.) Yu did not sell or dissolve YZM. (Id.)

On June 21, 2000, Yu applied for DIB alleging a disability onset date of January 5, 2000. (Id., at 92-94.) It is uncontested that Yu was insured for DIB through September 30, 2002. (Id., at 20; see also Yu's Motion, at 1; Commissioner's Motion, at 1.) The relevant period for Yu's claim, therefore, ran from January 5, 2000, until his last insured date, September 30, 2002. (Tr. 20; see also Yu's Motion, at 1; Commissioner's Motion, at 1.) The SSA originally denied Yu's claim, and Yu requested a hearing before Administrative Law Judge ("ALJ") Manuel Cofresi. (Tr. 22-25.) That hearing was held on February 6, 2002. (Id.) On August 20, 2002, the ALJ issued an unfavorable decision, finding that Yu had engaged in "substantial gainful activity" during the relevant period and was therefore not entitled to DIB; Yu appealed. (Id., at 31-39.) On May 6, 2004, the Appeals Council remanded the claim to the ALJ. (Id., at 41-42.) Consequently, the ALJ held another hearing on December 8, 2004. (Id., at 799-815.) At the hearing, Yu submitted additional papers into evidence. (Id., at 802-803.) After interviewing Yu, the ALJ set the hearing for a continuance in order to review the new materials. (Id., at 803.) The

3

ALJ continued the hearing on March 23, 2005. (Id., at 816-31.) On December 12, 2005, the ALJ issued an unfavorable decision, again finding that Yu had engaged in "substantial gainful activity" during the relevant period. (Id., at 11-21.) Yu appealed this decision and, on June 13, 2008, the SSA Appeals Council denied Yu's request for review. (Id., at 7-9.) This denial of review made the ALJ's December 12, 2005 Notice and Decision a "final judgment" subject to judicial review in this court by operation of 42 U.S.C. § 405(g). Yu timely filed his Complaint on July 29, 2008. See 42 U.S.C. § 405(g).

## III. DISCUSSION

### A. Consideration of the Relevant Period

Yu argues that the ALJ erred by failing to consider some of the relevant time period in making a determination that Yu was not disabled. (Yu's Motion, at 22-23.) Specifically, Yu argues that the ALJ did not consider the fact that he did not work at all from May 2002, when YZM's warehouse lease expired, until September 30, 2002, his last insured date. (Id.) Oppositely, the Commissioner argues that the ALJ considered the entirety of the relevant time period in that Yu testified that YZM continued to operate after 2002. (Reply, at 7.) Regardless of whether YZM continued to operate after 2002, the ALJ's Notice and Decision did not address whether Yu performed any work from May 2002 until September 30, 2002. (See Tr. 14-21.) Therefore, the ALJ committed legal error when he failed to address Yu's activities from May 2002 until September 30, 2002, and the court directs the ALJ to do so on remand.

### B. Substantial Gainful Activity

In assessing whether a claimant is entitled to DIB, an ALJ uses a five-step analysis to determine disability as set forth in 20 C.F.R. § 404.1520. The first step of the analysis requires the ALJ to determine whether the claimant was engaged in a "substantial gainful activity" during

the relevant period. 20 C.F.R. § 404.1520(a)(4)(i). If the ALJ finds that the claimant engaged in a substantial gainful activity, he is not entitled to DIB, and the ALJ need not perform the remaining four analytical steps. See id. § 404.1520(b). For individuals who are self-employed, 20 C.F.R. § 404.1575 sets forth three tests – Tests One, Two, and Three – to determine whether the claimant participates in "substantial gainful activity." 20 C.F.R. § 404.1575(a)(2). The ALJ addresses Test One first. Id. If the self-employed claimant is found to have not engaged in substantial gainful activity under that test, then the ALJ should assess a claimant's activity under Tests Two and Three. Id.

    1.    Test One

"Test One" asks whether the claimant has "render[ed] services that are significant to the operation of the business and [has] receive[d] a substantial income from the business." Id. § 404.1575(a)(2)(i). Any services rendered by the claimant in the operation of his business are "significant." Id. § 404.1575(b)(1). Whether a claimant's income is "substantial income" for purposes of Test One turns on whether the claimant's "countable income," as calculated by 20 C.F.R. § 404.1575(c)(1), is "substantial" under 20 C.F.R. § 404.1575(c)(2). The Commissioner has issued Substantial Earning Guidelines (the "SEG") setting forth a schedule to determine whether a claimant's countable income is "substantial" for the purpose of 20 C.F.R. § 404.1575(c)(2). 20 C.F.R. § 404.1574(b).

The ALJ used Test One to determine that Yu rendered significant services to the operation of YZM in that Yu continued to work after January 5, 2000 by subletting YZM's warehouse, collecting rent for the sublet, and disposing of YZM's inventory in March of 2002. (Tr. 18-20.) The ALJ also found that Yu "was working steadily at a rate of approximately 64

5

hours in a month."[1] (Tr. 20.) The ALJ also determined that Yu's gross income and business expenses remained the same from 1999, before Yu's alleged disability, to 2000 and 2001, after the onset of Yu's alleged disability. (Id.) Deducting Yu's business expenses from his gross income, the ALJ found that Yu suffered income losses of $18,557 in 1999; $41,222 in 2000; and $32,696 in 2001. (Id., at 19.)

Yu argues that the ALJ erred in finding that he performed a "substantial gainful activity" during the relevant period. (Yu's Motion, at 15-17.) Specifically, Yu argues that the ALJ did not calculate his "countable income" to determine whether his income was "substantial" in contravention of 20 C.F.R. §§ 404.1574 and 404.1575, and Social Security Ruling 83-34 ("SSR 83-34"). (Id.) Yu argues because his countable income for the relevant period is less than the amount specified in the Substantial Earning Guidelines ("SEG") set forth in 20 C.F.R. § 404.1574(b), he was entitled to a presumption that his income was not substantial under Test One. (Id.) The Commissioner argues that the ALJ correctly applied these regulations insofar as the SEG is not mandatory. (Defendant's Reply Memorandum of Law in Further Support of His Motion for Judgement [sic] on the Pleadings and in Opposition to Plaintiff's Cross Motion for Judgment on the Pleadings ("Reply"), at 4-5.) The Commissioner cites no authority for this proposition.

Regardless as to whether application of the SEG is mandatory to determine "substantial income," it is wholly unclear how an ALJ, in either fairness or logic, could find <u>negative</u> or <u>zero</u> countable income to be "substantial income" under 20 C.F.R. § 404.1574. See <u>Stewart v. Sullivan</u>, 947 F.2d 942, 945 (4th Cir. 1991) (concluding that zero income was not "gainful" under the regulation); <u>Schlosser v. Astrue</u>, 546 F. Supp. 2d 664, 668 (E.D. Mo. 2007)

---

[1] The ALJ did not cite any part of the record for this fact nor can the court find any support for this proposition. Nonetheless, Yu does not contest that the work he provided to YZM during the relevant period was "significant." (Yu's Motion, at 15.)

(remanding case back to ALJ where ALJ found the plaintiff engaged in "substantial gainful activity" despite having negative countable income). Here, it is undisputed that Yu had a <u>negative</u> monthly countable income for both 2000 and 2001: a $3,435.17 monthly loss in 2000, and a $2,724.67 monthly loss in 2001. (See Tr. 19.) Even where other district courts in this circuit have concluded that the SEG is not mandatory, all have involved claimants who earned <u>positive</u> countable income. <u>Parker v. Astrue</u>, No. 06-cv-1458(GLS)(VEB), 2009 WL 3334341, at *3 (N.D.N.Y. Oct. 14, 2009) ($217.25 per month); <u>Connor v. Barnhart</u>, No. 02-cv-2156 (DC), 2003 WL 21976404, at *6 (S.D.N.Y. Aug. 18, 2003) ($306.67, $203.65, and $1,066.92 per month); <u>Koss v. Schweiker</u>, 582 F. Supp. 518, 521 (S.D.N.Y. 1984) ($833.33 per month); <u>Goldstein v. Harris</u>, 517 F. Supp. 1314, 1317 (S.D.N.Y.1981) ($400 per month). The ALJ therefore committed legal error in finding that Yu earned "substantial income" under Test One. Because it is uncontested that Yu earned negative countable income during the relevant time period, the ALJ's determination to the contrary is reversed, and the court will remand proceedings to the ALJ for further development of the evidence, as discussed below.

   2. <u>Consideration of Tests Two and Three</u>

Yu argues that the ALJ erred in that he did not engage in Tests Two and Three to determine whether Yu performed a substantial gainful activity under 20 C.F.R. § 404.1575(a)(2). (Yu's Motion, at 17-22.) "Test Two" inquires whether the claimant's activity in operating his business, in terms of "hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [his] community who are in the same or similar businesses as their means of livelihood." 20 C.F.R. § 404.1575(a)(2)(ii). "Test Three" considers whether the claimant's activity "is clearly worth the amount shown in [20 C.F.R.] § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the

salary that an owner would pay to an employee to do the work [he is] doing." Id. § 404.1575(a)(2)(iii).

There does not appear to be sufficient evidence in the record to determine whether Yu was engaged in a substantial gainful activity under either Test Two or Three. The court, therefore, remands the proceedings to the ALJ to further develop the evidence regarding whether Yu's activity, in terms of his "hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [his] community who are in the same or similar businesses as their means of livelihood." See id. § 404.1575(a)(2)(ii). The court also directs the ALJ to develop evidence regarding whether Yu's activity "is clearly worth the amount shown in [20 C.F.R.] § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work [he is] doing." See id. § 404.1575(a)(2)(iii). If the ALJ determines that Yu is not engaged in substantial activity, the ALJ should continue with the five-step disability analysis described in 20 C.F.R. § 404.1520.

## IV.   CONCLUSION

For the reasons discussed above, the court vacates the ALJ's decision that Plaintiff was not entitled to DIB during the relevant period. The court reverses the ALJ's determination that Plaintiff engaged in substantial gainful activity under 20 C.F.R. § 404.1575(a)(2)(i), and remands the proceedings for further development of the evidence as to whether Plaintiff engaged in substantial gainful activity under 20 C.F.R. § 404.1575(a)(2)(ii) and (iii), as discussed above. If

the ALJ finds that Plaintiff was not engaged in a substantial gainful activity, the ALJ should continue to analyze Plaintiff's claim under 20 C.F.R. § 404.1520.

SO ORDERED.

Dated: Brooklyn, New York
October 19, 2010

s/Nicholas G. Garaufis

_____
NICHOLAS G. GARAUFIS
United States District Judge